UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT HOTEL GROUP, LLC; and PAUL )<br>KRATZER, )<br>)<br>Defendants. ) | Case No. 4:19-cv-17 |

## THE CINCINNATI INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, The Cincinnati Insurance Company (hereinafter "Cincinnati"), by and through its counsel of record, Joseph D. Ackerman of the law firm of Hinshaw & Culbertson LLP, and states against the Defendants, Scott Hotel Group, LLC (hereinafter "Scott Hotel"), and Paul Kratzer, individually and as a representative of a putative class described below (hereinafter "Kratzer"), as its Complaint for Declaratory Relief, as follows:

## NATURE OF THE ACTION

1.      This is an insurance coverage action. Cincinnati seeks a declaratory judgment concerning its rights and obligations to afford defense and/or indemnity coverage under one policy of insurance issued by Cincinnati to Scott Hotel.

2.      On or about November 9, 2017, Kratzer filed a suit entitled *"Paul Kratzer, individually and on behalf of all others similarly situated, v. Scott Hotel Group, LLC"*, which is pending in the United States District Court for the Southern District of Indiana, as case number 4:17-cv-00212-TWP-DML (hereinafter referred to as the "Kratzer Suit.").    A copy of the

Kratzer Suit Complaint is attached as Exhibit 1, and its contents are adopted and incorporated herein as if set forth verbatim.

3.      Cincinnati is currently defending Scott Hotel's interests in the Kratzer Suit, but has reserved its rights to deny any obligation to defend or to indemnify Scott Hotel with regard to those matters, and files this Declaratory Judgment action for the purpose of obtaining a declaration of its coverage rights and obligations.

4.      A justiciable controversy currently exists among the parties because, on information and belief, each of the Defendants contests and denies the coverage defenses raised herein.

<u>**THE PARTIES**</u>

5.      Cincinnati is an Ohio corporation, doing business as a property and casualty insurance company.  Cincinnati maintains its primary place of business in Cincinnati, Ohio, but is licensed to do business as an insurer in various states, including Indiana.

6.      The Defendant, Paul Kratzer is a citizen of the State of Kentucky.

7.      The Defendant, Scott Hotel is a foreign limited liability company, organized under the laws of the state of Delaware with its principal place of business in Scottsburg, Indiana.  Defendant Scott Hotel owns and operates a hotel that does business in Scottsburg, Indiana and holds itself out to the public under the name, "Holiday Inn Express."  Defendant Scott Hotel's only member is Timothy D. Knight, who is a citizen of the State of Indiana.  Every member of Defendant Scott Hotel is a citizen of the State of Indiana.

8.      Because Scott Hotel is identified as the Named Insured in the policy of insurance (described below) which is the subject matter of this action, Scott Hotel is a necessary party to this action.

2

9.     Kratzer is identified in the Kratzer Suit as an individual claimant, and as the representative of a nationwide putative class of similarly situated persons or entities who seek to recover damages from Scott Hotel.

10.     Kratzer is a necessary party to this action, both in his individual capacity, and as the named representative of the putative class described in the Kratzer Suit, for purposes of binding Kratzer, and the putative classes that he purports to represent, to whatever relief this Court may order herein.

11.     By reference to the Kratzer Suit's Complaint (attached as Exhibit 1), Cincinnati hereby adopts and incorporates the Kratzer Suit's definition and description of the putative class, as the definition and description of the putative class of defendants who, represented by Kratzer herein, are to be bound by whatever relief this Court may order.

## JURISDICTION AND VENUE

12.     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

13.     The claims asserted in the Kratzer Suit on behalf of the putative class members are common and undivided and have not, to date, been resolved by judgment or settlement. Accordingly, for purposes of computing the jurisdictional amount in controversy, all such claims are properly aggregated.  On information and belief, the aggregated value of the putative class claims exceeds $500,000.

14.     Venue and personal jurisdiction over Scott Hotel is proper because Scott Hotel has appeared in, and is defending the Kratzer Suit pending before this Court, and is alleged by the Kratzer Suit to have committed tortious acts in and conducted business in the State of Indiana.

303119770v1 1004378

15.     Venue and personal jurisdiction over Kratzer is proper because Kratzer is a party to the Kratzer Suit pending, and being prosecuted by Kratzer, before this Court.

16.     Upon information and belief, the putative class members described in the Kratzer Suit reside in multiple states including, but not limited to, Indiana.

17.     The policy of insurance (described below) which is the subject matter of this action, was solicited on behalf of Scott Hotel by an Indiana broker acting on behalf of Scott Hotel; was delivered by Cincinnati to Scott Hotel or its agent in Indiana; and was designed and intended by Cincinnati to primarily insure the physical property and business operations activities of Scott Hotel in Indiana.

18.     During the term of the policy of insurance identified herein below, Scott Hotel maintained operations in Indiana.

19.     On information and belief, the business operations activities of Scott Hotel which are complained of in the Kratzer Suit, occurred in Indiana.

## FACTUAL BACKGROUND

20.     On or about July 21, 2017, Cincinnati issued a commercial insurance policy insuring third-party property damage and containing commercial general liability (CGL) coverage as insurance policy number ETD 0442146 to Scott Hotel for the Policy Period of July 21, 2017 to July 21, 2018 (hereinafter the "Policy").  A copy of the CGL Policy is attached as Exhibit 2, and its contents are adopted and incorporated herein as if set forth verbatim.

21.     The Policy was new business and was the first policy providing commercial general liability (CGL) coverage sold by Cincinnati to Scott Hotel.  The Policy was not a renewal of any prior policy nor otherwise subject to any "notice of policy change" requirements.

22.     The Policy afforded annual Limits of Commercial General Liability (CGL) coverage in the amounts of $1,000,000 each Occurrence and $2,000,000 Aggregate.  *Id*.

4

23.     The Kratzer Suit alleges that Kratzer stayed at Scott Hotel's hotel (hereinafter the "Hotel") on or about 5/19/17, 5/20/17, 8/11/17, 8/12/17, and 9/9/17 and was charged an "Environmental Fee" of $2.99 per night upon check-out for each night he stayed at the hotel.

24.     The Kratzer Suit alleges that Kratzer inquired as to the reason for the Environmental Fee on September 19, 2017.  Kratzer alleges the Hotel staff initially indicated it was a corporate fee but later offered to refund the fee from Kratzer's 5/19/17 and 8/11/17 invoices.   Kratzer alleges the Hotel staff further indicated the fee had been in place for approximately five years.

25.     The Kratzer Suit alleges that Kratzer later stayed at the Hotel again on 9/23/17 and was again charged the Environmental Fee of $2.99 upon check-out.

26.     The Kratzer Suit alleges the Environmental Fee (hereinafter the "Fee") is not disclosed, nor identified, anywhere on the website, the reservation confirmation e-mail, or any applicable terms and conditions.  Kratzer complains that, although Scott Hotel knows it will charge the Fee later, the Fee is not disclosed during the hotel reservation booking process, at the time the reservation is made, the time the reservation is confirmed, the time of check-in, or any time prior to check-out, which prevents the customer from making an intelligent and considered decision and knowing the exact nature of what is being offered, the price, and/or the terms of payment.

27.     The Kratzer Suit alleges the Fee is not disclosed by Scott Hotel until after the consumer's debit or credit card has already been charged and once a zeroed-out invoice is printed reflecting all of the payments made, including the Fee.  As a result, the Kratzer Suit alleges the actual amount charged is not the amount originally quoted.  Moreover, Kratzer alleges the actual amount charged is not provided until after payment, when the customer has already been charged

303119770v1 1004378

more than the quoted price.  Kratzer complains the Fee is unlikely to be noticed at check-out, which results in customers unknowingly paying the unnecessary Fee.

28.     The Kratzer Suit alleges the naming of the Fee is not accidental and alleges Scott Hotel intentionally chooses to disguise and describe it as an "Environmental Fee" to create the false impression that the Fee is a legitimate charge and directly related to defraying Scott Hotel's actual or increased environmental costs.  The Kratzer Suit alleges the Fee is actually arbitrary, unrelated to Scott Hotel's actual or increased environmental costs, not associated with any type of service, and bears no relation to charges imposed on Scott Hotel by external government regulatory agencies.

29.     The Kratzer Suit alleges Scott Hotel continues to carry out this alleged scheme in an attempt to deceive, misrepresent, and mislead consumers as to the true nature and purpose of the Fee and generate extra profits and revenue by "double-dipping" to recover the same alleged cost that is already incorporated into the room rate.  The Kratzer Suit alleges Scott Hotel's alleged misrepresentations and/or omissions are unfair, deceptive, misleading, unlawful, unconscionable, unethical, and/or fraudulent.

30.     The Kratzer Suit alleges Scott Hotel's alleged unfair and deceptive trade practice is intentional, false, and misleading and allows Scott Hotel to advertise, market, and list prices for hotel accommodations that appear lower than they actually are due to the hidden or non-disclosed Fee, thereby distorting competition in the marketplace and preventing consumers from accurately comparing the costs of hotel accommodations.

31.     The Kratzer Suit asserts multiple claims, including violation of the Indiana Consumer Protection Act, Section 24-5-0.5-1, et. seq. (Count I); breach of contract (Count II); fraud and misrepresentation (Count III); and unjust enrichment (Count IV).

303119770v1 1004378

32.     The Kratzer Suit alleges in Count I that Scott Hotel violated the Indiana Consumer Protection Act by the use of false or misleading representations or omissions of material fact in connection with the marketing, promotion, and sale of hotel accommodations to consumers as well as the unfair assessment and collection of the Fee.

33.     The Kratzer Suit alleges in Count II that Scott Hotel breached a valid and enforceable contract between Kratzer and Scott Hotel by charging and collecting the alleged improper Fee when the Fee was not identified or described in the contract and Kratzer did not agree to pay such a fee.

34.     The Kratzer Suit alleges in Count III that Scott Hotel owed Kratzer a duty not to misrepresent and withhold material facts and Kratzer relied upon Scott Hotel's multiple misrepresentations and omissions discussed above when Kratzer was induced to pay the alleged illegitimate fee as a result of Scott Hotel's alleged fraudulent conduct.

35.     The Kratzer Suit alleges in Count IV that Scott Hotel has been unjustly enriched in retaining revenues derived from the Fee for which Kratzer did not receive any benefit and for which Kratzer would not have paid had Kratzer known the true facts.

36.     The Kratzer Suit alleges Kratzer suffered injury and was damaged as a consumer, as a result of Scott Hotel's alleged deceptive and unfair acts, practices, and/or omissions, by being charged and having to pay the alleged improper, excessive, unearned, unauthorized, unlawful, and unnecessary Fee.

37.     The Kratzer Suit seeks actual monetary damages in the form of refunds and restitution to recover all monies unfairly paid and wrongfully collected for the Fee.

303119770v1 1004378

38.     The Kratzer Suit also seeks, in addition to compensatory damages, treble damages and punitive damages for Scott Hotel's alleged willful and intentionally deceptive acts, as well as attorneys' fees, costs and expenses of suit, and pre-judgment and post-judgment interest.

39.     The Kratzer Suit also requests injunctive relief requiring Scott Hotel to cease and desist from engaging in the alleged deceptive practice and requests injunctive relief to enjoin and prohibit Scott Hotel from continuing the alleged unlawful practice in the future.

40.     Cincinnati received notice of the Kratzer Suit on or about November 21, 2017.

41.     After comparing the allegations of the Kratzer Suit to the terms of the Policy, Cincinnati has concluded that it does not owe Scott Hotel any coverage.  However, Cincinnati recognizes that its coverage analysis may be disputed by the Defendants.  To prevent any future claim that Cincinnati owed, and breached, a duty to defend – which might arguably estop Cincinnati from relying upon some or all of its coverage defenses – Cincinnati has elected to defend Scott Hotel under a Reservation of Rights, and to pursue these declaratory proceedings.

42.     Each of the Counts below detail different coverage defenses which independently constitute partial or complete defenses to any contention that Cincinnati might be obligated to afford defense and/or indemnity coverage under the Policy for the Kratzer Suit.

43.     On information and belief, each of the Defendants contests and denies the coverage defenses detailed in the Counts below.

44.     Pursuant to 28 U.S.C. §2201(a), this Court has jurisdiction and authority to declare the rights and legal obligations of Cincinnati under the Cincinnati Policy concerning any insured's entitlement to coverage with regard to the Kratzer Suit.

303119770v1 1004378

## COUNT I

### (Claims Prior to Policy Period and Prior to Inception of Coverage)

45.     Cincinnati repeats and re-alleges paragraphs 1 through 44 above in support of this Count.

46.     The Kratzer Suit seeks damages for conduct by Scott Hotel running from November 9, 2011 to November 9, 2017.

47.     The Declarations page of the Policy identifies the Policy Period as July 21, 2017 to July 21, 2018.

48.     The alleged wrongful conduct of Scott Hotel at issue in the Kratzer Suit prior to July 21, 2017 falls entirely outside the Policy Period.

49.     No coverage is afforded to Scott Hotel under the Policy for the Kratzer Suit for any liability that arises from alleged conduct of Scott Hotel that occurred prior to the Policy Period beginning on July 21, 2017.

## COUNT II

### (Lack of a Qualifying "Occurrence," "Bodily Injury," "Property Damage" and/or "Personal and Advertising Injury")

50.     Cincinnati repeats and re-alleges paragraphs 1 through 49 above in support of this Count.

51.     The Cincinnati Policy running from July 21, 2017 to July 21, 2018 affords Commercial General Liability (CGL) coverage to Scott Hotel under the CGL form GA 101 12 04, hereinafter referred to as the Policy's "CGL Form".

52.     Form GA 101 12 04, contained in the Cincinnati Policy, including the definitions and exclusions contained in the CGL Form as quoted below, was timely and properly approved

9

by the Indiana Department of Insurance before being used in Cincinnati policies issued to Indiana insureds.

53.  The Insuring Agreements of the CGL Form in the Cincinnati Policy provide as follows:

*Section I – Coverage A. Bodily Injury and Property Damage Liability*

1.  *Insuring Agreement*

    a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

    \* \* \*

    b.  *This insurance applies to "bodily injury" and "property damage" only if:*

        (1) *The "bodily injury" or "property damage" is caused by an "occurrence" ...*

        (2) *The "bodily injury" or "property damage" occurs during the policy period;*

*Section I – Coverage B.  Personal and Advertising Injury Liability*

1.  *Insuring Agreement*

    a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. ...*

10

54.     The CGL Form in the Cincinnati Policy, in Section V – Definitions, defines a

"bodily injury," "occurrence," "personal and advertising injury" and "property damage" as

follows:

*4.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

*16.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*17.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
*a.      False arrest, detention or imprisonment;*
*b.      Malicious prosecution;*
*c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
*d.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
*e.      Oral or written publication, in any manner, of material that violates a person's right of privacy;*
*f.       The use of another's advertising idea in your "advertisement"; or*
*g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

* * *

*20.     "Property damage" means:*
*a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
*b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For the purposes of this insurance, "electronic data" is not tangible property.*

55.     The term "advertisement" as used in the definition of "personal and advertising

injury" is defined in the Policy's CGL Form in Section V – Definitions as follows:

*1.      "Advertisement" means a notice that is broadcast, telecast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.   "Advertisement" includes a publicity article.  For purposes of this definition:*

303119770v1 1004378

> a.     *Notices that are published include material placed on the Internet or on similar electronic means of communication; and*
> b.     *Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an "advertisement".*

56.     The Commercial General Liability Extended Liability Endorsement, attached to the CIC Policy as form IA 450 11 87A, deletes the above definition of "Bodily injury" and replaces it with the following:

> 4.     *"Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at anytime. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".*

57.     As mentioned above, the Kratzer Suit alleges the naming of the Fee is not accidental and alleges Scott Hotel intentionally chooses to disguise and describe it as an "Environmental Fee" to create the false impression that the Fee is a legitimate charge and directly related to defraying Scott Hotel's actual or increased environmental costs. Likewise, the Kratzer Suit alleges Scott Hotel continues to carry out this scheme in an attempt to deceive, misrepresent, and mislead consumers as to the true nature and purpose of the Fee and generate extra profits and revenue by "double-dipping" to recover the same alleged cost that is already incorporated into the room rate. Moreover, the Kratzer Suit alleges Scott Hotel's alleged unfair and deceptive trade practice is intentional, false, and misleading and allows Scott Hotel to advertise, market, and list prices for hotel accommodations that appear lower than they actually are due to the hidden or non-disclosed Fee, thereby distorting competition in the marketplace and preventing consumers from accurately comparing the costs of hotel accommodations. As a result, the Kratzer Suit seeks treble damages and punitive damages for Scott Hotel's alleged willful and intentionally deceptive acts.

303119770v1 1004378

58.     As described in the Kratzer Suit, the alleged improper Fee was not an accident.  In fact, the Kratzer Suit explicitly alleges multiple times that the naming of the Fee was "not accidental" and Scott Hotel's actions were willful and intentional.  The Kratzer Suit does not allege Scott Hotel acted negligently.  Therefore, the acts alleged in the Kratzer Suit do not qualify as an "occurrence."

59.     To the extent that this Court, or the trier of fact in the Kratzer Suit, finds that Scott Hotel's alleged deceptive acts were intentional and/or willful as pled, such conduct fails to qualify as an "accident" or as an "occurrence" as defined above.  Similarly, to the extent that Scott Hotel reasonably knew or should have known, that it was charging the Fee without accurately describing the Fee to hotel customers who were not notified of the Fee prior to payment and who did not agree to pay the Fee, such knowledge bars coverage on the grounds that the reasonably foreseeable consequences of charging the Fee and collecting payment of the Fee do not qualify as an "accident."

60.     As described in the Kratzer Suit, the alleged improper Fee did not cause or result in any bodily injury.  In fact, the Kratzer Suit does not allege Kratzer sustained any bodily injury, disability, sickness, disease, mental anguish, or other mental injury resulting from bodily injury. The Kratzer Suit alleges only economic loss for having to pay the alleged improper Fee.  This economic loss is not included under any definition of "bodily injury" and therefore does not qualify as "bodily injury."

61.     As described in the Kratzer Suit, the alleged improper Fee did not cause or result in any property damage.  In fact, the Kratzer Suit does not allege Kratzer sustained any physical injury or damage to tangible property or any loss of use of tangible property.  The Kratzer Suit alleges only economic loss for having to pay the alleged improper Fee.  This economic loss is not

13

included under any definition of "property damage" and therefore does not qualify as "property damage."

62.     As described in the Kratzer Suit, the alleged improper Fee did not cause or result in any personal and advertising injury.  The Kratzer Suit does not allege injury arising from false arrest, detention, imprisonment, malicious prosecution, libel, slander, wrongful eviction, copyright infringement, or the use of another's advertising idea.  Additionally, the Kratzer Suit does not allege any violation of Kratzer's right of privacy and does not allege that being forced to pay the alleged improper Fee invaded Kratzer's right of private occupancy of the hotel room.  In fact, privacy is not mentioned anywhere in the Kratzer Suit.  The Kratzer Suit alleges only economic loss for having to pay the alleged improper Fee.  This economic loss is not included under any definition of "personal and advertising injury" and therefore does not qualify as "personal and advertising injury."

63.     The Insuring Agreements of the CGL Form in the Cincinnati Policy extends coverage only for "bodily injury," "property damage" or "personal and advertising injury", "to which this insurance applies."  To the extent that the claims asserted by the Kratzer Suit fail to qualify as "bodily injury," "property damage" or "personal and advertising injury", the Cincinnati Policy affords no coverage.

## COUNT III

### (Exclusions – Expected or Intended Injury)

64.     Cincinnati repeats and re-alleges paragraphs 1 through 63 above in support of this Count.

65.     Coverage A, Exclusion (2)(a) of the CGL Form in the Cincinnati Policy states:

*This insurance does not apply to:*
    *a.*    *Expected or Intended Injury*

> *"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended.* . . .

66.    Similarly, Coverage B, Exclusion (2)(a):of the CGL Form in the Cincinnati CGL Policies states:

> *This insurance does not apply to:*
> *a.        Knowing Violation of Rights of Another.*
> *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would in-flict "personal and advertising injury".*

67.    Whether Scott Hotel intended to cause injury or not, and/or whether the damage claimed in the Kratzer Suit is of a different degree or type than what Scott Hotel expected or intended, to the extent that this Court, or the finder of fact in the Kratzer Suit, finds that Scott Hotel knew or should have known that the reasonably foreseeable consequence of intentionally charging customers the Fee would be to cause those damages alleged in the Kratzer Suit – i.e. intentionally charging the Fee would result in a $2.99 fee on the customer's credit or debit card – without the customers' prior consent or permission, such intentional, actions are barred from coverage under Coverage A, Exclusion (2)(a).

68.    To the extent that Scott Hotel reasonably knew or should have known, that charging the Fee at the time of check-out would result in the customer incurring a $2.99 fee on his or her credit or debit card, such knowledge bars coverage on the grounds that the reasonably foreseeable consequence of charging the Fee demonstrates that the claimed damages were "reasonably  . . . expected to result from the intentional . . . acts of the insured."  Stated more simply, when Scott Hotel charged the Fee, it expected and intended the customer's credit card or debit card would be charged the $2.99 Fee.  The expected and intended result of charging the Fee, i.e. the running of the customer's credit card or debit card for $2.99 at the time of check-out,

303119770v1 1004378

caused the loss and damage claimed by the claimant.  Since the expected and intended consequence of the insured's conduct is alleged to have caused the exact damage claimed by the claimant, any loss arising from the insured's conduct should be excluded as "expected or intended injury."

69.     To the extent that this Court, or the finder of fact in the Kratzer Suit, finds that (a) the alleged undisclosed Fee was charged "by or at the direction of" Scott Hotel, (b) and finds that Scott Hotel reasonably knew or should have known that charging the undisclosed Fee without the customer's knowledge or permission would violate the rights of another or otherwise qualify as a "personal and advertising injury" as defined by the Cincinnati CGL Policy, all liabilities arising from charging the Fee are barred from coverage by Coverage B, Exclusion (2)(a).

70.     To the extent that this Court, or the finder of fact in the Kratzer Suit, finds that Scott Hotel knew or should have known that the failure to disclose the Fee prior to check-out and the failure to correctly describe the true nature of the Fee would result in the customer being charged $2.99 without the customer's prior consent or agreement to same, and, to the extent that the Fee was charged "by or at the direction of" Scott Hotel with the knowledge or reasonable understanding that the Fee would violate the rights of another or invade the customer's privacy, then all liabilities arising from charging the Fee are barred from coverage by Coverage B, Exclusion (2)(a).

## COUNT IV

### (Exclusions – Breach of Contract)

71.     Cincinnati repeats and re-alleges paragraphs 1 through 70 above in support of this Count.

72.     Coverage B, Exclusion (2)(f) of the CGL Form in the Cincinnati Policy states:

*This insurance does not apply to:*

16

*f.      Breach of Contract*
*"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".*

73.     To the extent the Kratzer Suit alleges any personal and advertising injury, and to the extent any such injury arises out of a breach of contract between the customer and Scott Hotel, then coverage for those allegations would be barred by the Breach of Contract exclusion above.

74.     In particular, the Kratzer Suit alleges in Count II a breach of contract.   The Kratzer Suit alleges the Fee was not part of the contract between him and Scott Hotel and he did not agree to pay the Fee.  The Kratzer Suit further alleges that Scott Hotel breached the contract when it charged Kratzer the $2.99 Fee without his agreement or consent.

75.     Any personal and advertising injury arising out of this alleged breach of contract would be barred from coverage by the exclusion (2)(f) above.

## COUNT V
### (Exclusions – Wrong Description of Prices)

76.     Cincinnati repeats and re-alleges paragraphs 1 through 75 above in support of this Count.

77.     Coverage B, Exclusion (2)(h) of the CGL Form in the Cincinnati Policy states:

*This insurance does not apply to:*

*h.      Wrong Description of Prices*
*"Personal and advertising injury" arising out of the wrong description of the price of goods, products, or services stated in your "advertisement".*

78.     As described in the Kratzer Suit, the Fee is an alleged inaccurate description of Scott Hotel's services and an alleged inaccurate description of the price of Scott Hotel's room

303119770v1 1004378

rates as advertised on Scott Hotel's website.  The Kratzer Suit alleges that Scott Hotel's website consisted of inaccurate price descriptions for the hotel rooms.

79.     The Kratzer Suit alleges that Scott Hotel charges a certain higher amount – that being $2.99 per night – above the price of the room rates listed on Scott Hotel's website without the customer's knowledge or permission.  As a result, the Kratzer Suit alleges Kratzer sustained economic losses for having to pay the allegedly improper and inaccurate Fee.

80.     Any personal and advertising injury, if alleged in the Kratzer Suit, arising out of the inaccurate descriptions of Scott Hotel's services and room prices would be barred from coverage by the exclusion (2)(h) above.

## COUNT VI

### (Lack of Coverage for Non–Compensatory Judgment Awards)

81.     Cincinnati repeats and re-alleges paragraphs 1 through 80 above in support of this Count.

82.     The Insuring Agreements of the CGL Form in the Cincinnati Policy limit the scope of coverage only to *"those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", or "personal and advertising injury" … "to which this insurance applies."*

83.     To the extent (if any) that Scott Hotel is held liable for any punitive, penalty, or other non-compensatory relief, including loss or damage that Scott Hotel may suffer as the result of injunctive relief, such losses and liabilities do not qualify as *"sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", or "personal and advertising injury"…"to which this insurance applies"* and accordingly, the Cincinnati Policy affords no coverage for such amounts.

18

## COUNT VII

### (Applicable Limits of Liability)

84. Cincinnati repeats and re-alleges paragraphs 1 through 83 above in support of this Count.

85. The Declarations Page of the Cincinnati Policy provides the following Liability Limits of Insurance:

> *Each Occurrence Limit*          *$1,000,000*     *Any one occurrence*
> *General Aggregate Limit*       *$2,000,000*
> *Personal and Advertising Injury Limit*     *$1,000,000*     *Any one person or organization*

86. Section III of the Cincinnati Policy's CGL Form provides the following Limits of Insurance provisions:

> *1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:*
>      *a. Insureds;*
>      *b. Claims made or "suits" brought; or*
>      *c. Persons or organizations making claims or bringing "suits".*
>
> *2. a. The General Aggregate Limit is the most we will pay for the sum of:*
>
>                      * * *
>
>      *(2) Damages under Coverage A. Bodily Injury and Property Damage Liability, ...*
>      *(3) Damages under Coverage B. Personal and Advertising Injury Liability.*

87. Cincinnati denies that the Cincinnati Policy affords any coverage for the Kratzer Suit. However, to the extent (if any) that this Court ultimately finds that a covered "bodily injury," "property damage" or "personal and advertising injury" has been proven in connection with the Kratzer Suit, the Liability Limits of Insurance provisions of the Cincinnati Policy limits the maximum coverage available under the Cincinnati Policy to the General Aggregate Limit of $2,000,000.

303119770v1 1004378

## RELIEF REQUESTED

WHEREFORE, The Cincinnati Insurance Company asks that this Court grant it declaratory and other relief as follows:

(A)     find and declare that the Cincinnati Policy does not afford coverage for any liability of Scott Hotel Group, LLC that arises from acts or omissions prior to July 21, 2017; and

(B)     find and declare that the claims asserted in the Kratzer Suit do not qualify as an "occurrence" and are accordingly not entitled to coverage under the Cincinnati Policy; and

(C)     find and declare that the claims asserted in the Kratzer Suit do not qualify as "bodily injury," "property damage," and/or "personal and advertising injury" and are accordingly not entitled to coverage under the Cincinnati Policy; and

(D)     if it is determined by this Court, or by the finder of fact in the Kratzer Suit, that any Insured reasonably knew, or should have known, that intentionally charging customers the undisclosed Fee without the customers' prior consent or permission would result in a $2.99 fee on the customer's credit or debit card, then find and declare that all liabilities arising from the charging of the Fee are barred from coverage by Coverage A, Exclusion (2)(a) of the CGL Form in the Cincinnati Policy; and

(E)     if it is determined by this Court, or by the finder of fact in the Kratzer Suit, that charging customers the Fee was done by or at the direction of any Insured, with knowledge that charging customers the undisclosed Fee would likely result in a $2.99 fee on the customer's credit or debit card without the customers' prior consent or permission and/or with knowledge that such conduct would violate the customers' privacy rights, and/or would otherwise qualify as a "personal and advertising injury" as defined by the CGL Form, then find and declare that all liabilities arising from the charging of the Fee are barred from coverage by Coverage B, Exclusion (2)(a) of the CGL Form in the Cincinnati Policy; and

303119770v1 1004378

(F)      if it is determined by this Court that the claims asserted in the Kratzer Suit qualify as "personal and advertising injury," then find and declare that all liabilities for any such "personal and advertising injury" arising out of a breach of contract for charging the Fee without the customers' agreement or consent are barred from coverage by Coverage B, Exclusion (2)(f) of the CGL Form in the Cincinnati Policy; and

(G)      if it is determined by this Court that the claims asserted in the Kratzer Suit qualify as "personal and advertising injury," then find and declare that all liabilities for any such "personal and advertising injury" arising out of the wrong descriptions of Scott Hotel Group, LLC's services and/or hotel room prices as stated on Scott Hotel Group, LLC's website are barred from coverage by Coverage B, Exclusion (2)(h) of the CGL Form in the Cincinnati Policy; and

(H)      find and declare that the Insuring Agreement of the CGL Form in the Cincinnati Policy does not afford coverage for any punitive, penalty, or other non-compensatory relief, including loss or damage that any Insured may suffer as the result of injunctive relief; and

(I)      find and declare that to the extent (if any) that the Kratzer Suit claims are entitled to coverage under the Cincinnati Policy, such coverage is limited to the General Aggregate Limits of $2,000,000 therein; and

(J)      find and declare that Cincinnati Insurance Company has no duty to defend Scott Hotel Group, LLC in the Kratzer Suit;

(K)      find and declare that Cincinnati Insurance Company has no duty to indemnify Scott Hotel Group, LLC with respect to the claims made against it in the Kratzer Suit;

303119770v1 1004378

(L)     find and declare that Cincinnati Insurance Company has no obligation to pay or to reimburse its insured for any defense expenses incurred on behalf of Scott Hotel Group, LLC prior to November 21, 2017, for the allegations made in the Kratzer Suit; and

(M)     declare and award such other and further relief as this Court deems just and proper.


Dated: January 23, 2019

<div style="margin-left:40%;">

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By:  /s/ Joseph D. Ackerman
     Joseph D. Ackerman (30276-71)
     Attorneys for Plaintiff  THE CINCINNATI
     INSURANCE COMPANY
     322 Indianapolis Blvd.
     Suite 201
     Schererville, IN 46375
     Phone No.: 219-864-5051
     Fax No. 219-864-5052
     E-mail Address: jackerman@hinshawlaw.com

</div>

303119770v1 1004378